IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,   *

    Plaintiff,   *

v.   *   Civil Action No. 8:21-cv-02238-PX

5954 BROOKHILL BLVD., LLC, *et al.*,   *

    Defendants.   *

        ***

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Choice Hotels International, Inc. ("Choice Hotels")'s Complaint for Confessed Judgment. ECF No. 1. Finding no hearing necessary to resolve this motion, *see* D. Md. Loc. R. 105.6, the Court ENTERS judgment as requested.

**I.  BACKGROUND**

Choice Hotels is a Delaware corporation with a principal place of business in Rockville, Maryland. ECF No. 1 ¶ 1. As a hospitality franchisor, Choice Hotels' business model involves licensing its intellectual property—including the use of recognizable brand names like Comfort Inn & Suites, Clarion, and Econo Lodge—to franchisees in exchange for an upfront affiliation fee and various recurring monthly fees. *See* ECF No. 1-1 at 2–3.

On November 14, 2017, Choice Hotels entered into such an arrangement pursuant to a Franchise Agreement with Defendant 5954 Brookhill Blvd., LLC ("Brookhill"). ECF No. 1 ¶ 7. Under the Franchise Agreement, Brookhill was granted permission "to open and operate a 109-room hotel" in Sarasota, Florida under the Comfort Inn & Suites name. ECF No. 1 ¶ 7. The Franchise Agreement also provided that Choice Hotels would lend Defendants $545,000.00 to use for hotel operations. ECF No. 1 ¶ 10; *see also* ECF No, 1-1 at 25. The loan was secured by a Promissory Note that required Defendants to repay the loan within 15 years—or immediately if

Defendants defaulted on the note.  ECF No. 1-4 at 1–2.  TDR Holdings, LLC; McCaffrey Development, LLC; David Schlabach; Tom Miller; Robert Schlabach; and Patrick McCaffrey also entered into a separate agreement wherein they guaranteed "that all of [Brookhill's] obligations . . . will be punctually paid and performed."  ECF No. 1-3 at 1.

Pertinent to this motion, Section 5.1(5) of the Promissory Note specifies that selling the hotel to a new owner constitutes default.  ECF No. 1-3 at 2.  In the event of default, Section 5.2 prescribes a formula for calculating liquidated damages which will "immediately become due and payable . . . without notice."  *Id.*  Sections 2.1 and 5.3, meanwhile, entitle Choice Hotels to pre- and post-judgment interest if Defendants' default on their loan obligations.  ECF No. 1 ¶¶ 13–15; *see also* ECF No. 1-4 at 1, 3.

On August 20, 2020, Defendants sold the Sarasota hotel to a new owner.  That new owner no longer operates the hotel as a Comfort Inn & Suites branded property.  ECF No. 1 ¶ 12.  Because the ownership transfer and change of branding breached the Franchise Agreement and Promissory Note, Choice Hotels "sent Defendants a notice of termination on August 31, 2020."  ECF No. 1 ¶¶ 12 & 13.  Choice Hotels filed this action one year later, on August 31, 2021, seeking confessed judgment in the amount of $612,803.51, plus continuing interest and reimbursement of court costs.  ECF No. 1 at 7.

## II.    ANALYSIS

The Court exercises diversity jurisdiction over this action because the dispute concerns citizens of different states and the amount-in-controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *see also* ECF No. 1 ¶¶ 1–5, 16.  When sitting in diversity, this Court "must generally apply the law that would be applied by a court of the state in which it sits."  *Benn v. Seventh-Day Adventist Church*, 304 F. Supp. 2d 716, 725 (D. Md. 2004) (quoting *Klaxon Co. v. Stentor Elec.*

*Mfg. Co.*, 313 U.S. 487, 496 (1941)).  Under Maryland law, contracting parties may "specify in their contract that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) (quoting *Jackson v. Pasadena Receivables, Inc.*, 398 Md. 611, 617 (2007)). Here, the parties have agreed that the contract documents must be construed in accordance with Maryland law.  *See* ECF No. 1-1 at 22; ECF No. 1-3 at 1; ECF No. 1-4 at 4.

In Maryland, parties may agree in advance to the entry of a confession of "judgment against them without the benefit of a trial in the event of default on the debt instrument." *Schlossberg v. Citizens Bank of Maryland*, 341 Md. 650, 655 (1996); *see also See Sager v. Hous. Comm'n of Anne Arundel Cty.*, 855 F. Supp. 2d 524, 551–54 (D. Md. 2012).  In such circumstances, and upon proof of the default, a court may enter confessed judgment with no advance opportunity for the defendants to "raise any defenses or file any pleadings or papers." *Burris v. Richards*, 79 Md. App. 554, 565 n.8 (1989).  Although Maryland law prohibits confessed judgment in certain circumstances, *see* Md. Code Ann., Com. Law § 12-311(b); Md. Code Ann., Com. Law § 13-301, confessed judgment is otherwise a lawful "device designed to facilitate collection of debt," as in this matter.  *See Schlossberg*, 341 Md. at 655.

 In practice, a confession of judgment operates as follows: (1) the injured party files a complaint that is accompanied by a copy of the debt instrument and an affidavit providing the amount due, the circumstances under which the documents were signed, the defendants' age and education, and the defendants' addresses; (2) the reviewing court determines whether the pleadings are sufficient to entitle the plaintiff to confessed judgment; (3) the court, if warranted, enters judgment; and (4) the clerk notifies the defendants of the entry of judgment, as well as the time by which they must move to open, modify, or vacate said judgment.  *See Sager*, 855 F.

3

Supp. 2d at 552–53; Md. R. 2-611.  This Court's Local Rule 108.1 tracks these requirements.  *See* D. Md. Loc. R. 108.1.

The Court first addresses whether Choice Hotels has provided the necessary documentation to support its request for confessed judgment.  Alongside its Complaint, Choice Hotels has attached all the supporting documentation relevant to the confession of judgment clause in the Promissory Note.  *See* ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5.  Choice Hotels also submits the sworn affidavit of Gery F. Brown ("Brown"), one of the company's Senior Credit Managers.  ECF No. 1-6.  Brown attests that the parties executed the Promissory Note on September 4, 2018, and that Defendants have defaulted such that they owe Choice Hotels $612,803.51, plus interest.  ECF No. 1-6 ¶¶ 4, 11.  Brown also provides the last known postal address for each Defendant.  *Id.* ¶ 12.  Based on these submissions, Choice Hotels has complied with the requirements for obtaining confessed judgment.  *See CCA Fin. LLC v. Cambridge Hous. Auth. LLC*, No. ELH-12-3724, 2013 WL 194975, at *1 (D. Md. Jan. 16, 2013).

Next, the Court turns to whether the documents submitted are sufficient for the entry of confessed judgment.  Two provisions of the Promissory Note make abundantly clear that confessed judgment is warranted here.  First, Section 5.2 of the Promissory Note states:

> If a Default occurs, at Holder's option, the Default Payment Amount (as defined below) will immediately become due and payable by Maker to Holder without notice to Maker or any other person or entity.  The "Default Payment Amount" means the sum of: (a) the original Principal Amount less an amount equal to the product resulting from multiplying the original Principal Amount by a fraction, the numerator of which is the number of full calendar months that have elapsed since the Opening Date, and the denominator of which is one-eighty twenty (180) (the amount resulting from this calculation is referred to as the "Amount Due"); plus (b) interest on the Amount Due calculated from the Distribution Date at the Rate of Interest.

ECF No. 1-4 at 3 (emphasis in original).  Second, Section 5.5, entitled "Confession of Judgment," appears in boldface font and expressly states that Defendants "voluntarily,

4

knowingly, and intelligently [are] giving up [their] right to notice and hearing prior to the entry of judgment." ECF No. 1-4 at 3. Accordingly, the Court finds that the Promissory Note is a "written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages." *See* D. Md. Loc. R. 108.1(a). The Court, therefore, will grant Choice Hotels' motion and enter confessed judgment in its favor.[1]

### III.     CONCLUSION

For the foregoing reasons, the Clerk is DIRECTED to ENTER confessed judgment against Defendants. Pursuant to Local Rule 108.1(d), Defendants shall have 30 days from the date of service of this memorandum opinion and Order to move "to vacate, open, or modify the judgment." D. Md. Loc. R. 108.1(d). A separate Order follows.


December 16, 2021                                                          /s/
Date                                                            Paula Xinis
                                                                United States District Judge

---

[1] Because the parties also agreed that court costs would be included in any confessed judgment, the Court additionally awards $400.00 in court costs to Choice Hotels. *See* ECF No. 1-4 at 3.